UNITED STATES of America, Plaintiff—Appellee,

v.

Tanat YUVAVANICH, Defendant— Appellant.

No. 01–50662.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided April 23, 2003.

---

1. The claim of misappropriation was dismissed and not reinstated on appeal.

**50**

Before: BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

### MEMORANDUM *

Tanat Yuvavanich pled guilty to one count of possessing with the intent to distribute 112 grams of heroin in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 57 months in prison followed by four years of supervised release. Yuvavanich challenges the conditions of his supervised release requiring him to participate in outpatient substance abuse

* This disposition is not appropriate for publication and may not be cited to or by the courts

treatment, to submit to drug and alcohol testing, and to abstain from abusing prescription medications. He contends that the district court erred in applying these conditions of supervised release because there was no evidence in the record that he abused drugs and alcohol, and, as a result, he did not fall within the United States Sentencing Guidelines' criteria for such a condition. *See* U.S. Sentencing Guidelines Manual § 5D1.3.

We review the district court's decision to impose the conditions relating to drug use, testing, and treatment for an abuse of discretion. *See United States v. Carter,* 159 F.3d 397, 399 (9th Cir.1998); *United States v. Johnson,* 998 F.2d 696, 697 (9th Cir.1993). Because Yuvavanich did not challenge the alcohol-related conditions in district court, however, we review the imposition of these conditions for plain error. *See United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ We conclude that it was not an abuse of discretion for the district court to require Yuvavanich to undergo drug testing and to abstain from using illegal drugs. *See* 18 U.S.C. § 3583(d) (requiring, as a mandatory condition of supervised release, that a defendant "refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance"); *Carter,* 159 F.3d at 399 (holding that it was not an abuse of discretion for the district court to order the defendant to submit to drug testing while on supervised release because drug testing is a mandatory condition of supervised release under 18 U.S.C. § 3583(d)). It also was not an abuse of discretion for the district court

of this circuit except as provided by Ninth Circuit Rule 36–3.

not to suspend these conditions pursuant to 18 U.S.C. § 3563(a)(5) in light of Yuvavanich's refusal to discuss with the probation officer whether he had a substance abuse problem or used illegal substances in the past. Moreover, because Yuvavanich pled guilty to a drug-related crime, the district court did not abuse its discretion by requiring him to undergo substance abuse treatment. *See* 18 U.S.C. § 3583(d) (noting that a sentencing court may also impose conditions of supervised release that are related to the factors set forth in section 3553(a)(1)); 18 U.S.C. § 3553(a)(1) (noting that a sentencing court "shall" consider "the nature and circumstances of the offense" in determining a sentence).

As to the alcohol-related conditions of Yuvavanich's supervised release, we conclude, for the same reasons discussed above related to drug testing, that it was not plain error for the district court to require Yuvavanich to undergo alcohol testing. It was plain error, however, for the district court to require Yuvavanich to abstain from using all alcohol because there was no evidence in the record to suggest that he abused alcohol or that alcohol played a role in the commission of his crime. *Cf. Johnson*, 998 F.2d at 699 (holding that the district court did not abuse its discretion by ordering the defendant to refrain from alcohol use during and after his substance abuse treatment and mental health counseling because there was evidence that he had a long history of substance abuse and violent aggression and had been involved in alcohol-related incidents); *United States v. Miller*, 549 F.2d 105, 106–07 (9th Cir.1976) (holding that imposition of a condition that the defendant not consume any alcohol protected the public interest because the defendant

was arrested for drunk driving while on probation and his "previous history was indicative to the Trial Judge that alcohol was a substantial contributing factor to his legal transgressions"). We remand with directions to the district court to modify this condition of Yuvavanich's supervised release to require Yuvavanich only to refrain from *excessive use* of alcohol. *See* 18 U.S.C. § 3583(d) ("The court may order, as a further condition of supervised release, ... any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10)...."); 18 U.S.C. § 3563(b)(7) ("refrain from excessive use of alcohol").

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.