# United States Court of Appeals for the Fifth Circuit

_____

No. 23-50298

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Adis Veronica Varela-Rivera,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-833-2

_____

Before Jones, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Defendant Adis Veronica Varela-Rivera appeals from her sentence, which includes a special condition of supervised release requiring her to abstain from alcohol and other intoxicants. Varela-Rivera argues the district court erred in imposing this special condition because she has no history of alcohol abuse, and the offense for which she was convicted is unrelated to

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-50298

alcohol consumption. We agree and, therefore, we REVERSE AND REMAND WITH INSTRUCTIONS.

## I. BACKGROUND

Varela-Rivera is a lawful permanent resident of this country from Honduras. On September 12, 2022, she pled guilty to conspiring to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (B)(i).

In the presentence investigation report ("PSR"), the probation officer calculated Varela-Rivera's total offense level as thirteen and her criminal history category as I, resulting in a guidelines imprisonment range of twelve to eighteen months. In the event that Varela-Rivera was not deported following her release from prison, the probation officer recommended including a special condition of supervised release requiring Varela-Rivera to abstain from alcohol and other intoxicants. The probation officer acknowledged, however, that Varela-Rivera "reported no history of alcohol abuse or illicit drug use."

The parties did not object to the PSR, and the district court adopted it without change. The district court sentenced Varela-Rivera to eighteen months of imprisonment and three years of supervised release. Notably, the district court imposed the recommended special condition of supervised release requiring Varela-Rivera to "abstain from the use of alcohol and any and all intoxicants." Varela-Rivera appeals from that sentence.

## II. DISCUSSION

On appeal, Varela-Rivera argues that the district court plainly erred in imposing a special condition prohibiting her from drinking alcohol because there is no basis in the record for such a condition. Varela-Rivera did not

2

object to this special condition in the district court. Therefore, her challenge is subject to plain error review.[1]

According to the PSR, Varela-Rivera "reported no history of alcohol abuse or illicit drug use." There is also no evidence that alcohol played a role in the commission of Varela-Rivera's crime.[2] Faced with similar circumstances, the Ninth Circuit concluded "[i]t was plain error . . . for the district court to require [the defendant] to abstain from using all alcohol because there was no evidence in the record to suggest that he abused alcohol or that alcohol played a role in the commission of his crime." *United States v. Yuvavanich*, 64 F. App'x 49, 51 (9th Cir. 2003). To remedy that error, the Ninth Circuit "remand[ed] with directions to the district court to modify this condition of [the defendant's] supervised release to require [the defendant] only to refrain from *excessive use* of alcohol." *Id.* (emphasis in original).

Likewise, we conclude the district court plainly erred in imposing a special condition barring Varela-Rivera from drinking alcohol absent any basis in the record for such a condition. Accordingly, we adopt the approach of our sister circuit and remand with directions to the district court to modify this condition to require Varela-Rivera only to refrain from excessive use of alcohol.

REVERSED AND REMANDED WITH INSTRUCTIONS.[3]

---

[1] Varela-Rivera admits that "[n]o objections were made to the presentence report" and agrees that this court should review her challenge for plain error.

[2] Notably, the Government concedes that "the record does not contain any evidence that Varela-Rivera had a history of alcohol or drug use," and that "[t]he record also shows that she does not have any criminal history and that her offense did not involve alcohol or other intoxicants."

[3] This ruling affects only the special condition barring Varela-Rivera from consuming alcohol and does not disturb the remainder of Varela-Rivera's sentence.