UNITED STATES of America,
Plaintiff—Appellee,

v.

David DEMATHEWS, Defendant—
Appellant.

No. 00–50225.

D.C. No. CR–97–01064–RAP–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Decided Feb. 19, 2003.

Before HALL, KOZINSKI and
RAWLINSON, Circuit Judges.

MEMORANDUM *

█ 1. DeMathews fails to meet the
"substantial hurdle," *Maiden v. Bunnell,*

* This disposition is not appropriate for publica-     tion and may not be cited to or by the courts

35 F.3d 477, 481 (9th Cir.1994), of showing that his counsel's conflict of interest "adversely affected" the quality of representation, *Mickens v. Taylor*, 535 U.S. 162, 174, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). Brooklier's tactical decision not to call Agent Orr a liar in a bench trial, when Orr had already admitted that his grand jury testimony was "mistaken," falls short of demonstrating that the conflict had a "significant impact on counsel's representation of the client before the court or in negotiations with the government." *United States v. Mett*, 65 F.3d 1531, 1535–36 (9th Cir.1995).

Because there was no adverse effect, we need not decide whether DeMathews's waiver of his attorney's known conflict of interest was sufficiently knowing and intelligent. *See Jennings v. Woodford*, 290 F.3d 1006, 1011 (9th Cir.2002).

■ **2.** DeMathews's allegation that Agent Orr testified falsely at trial is pure speculation. We therefore reject his prosecutorial misconduct claims. *See Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). There was no error, much less plain error. *See United States v. Cooper*, 173 F.3d 1192, 1203 (9th Cir. 1999).

■ **3.** DeMathews voluntarily, knowingly and intelligently waived his right to a jury trial. Although there was no written waiver, the district court conducted an extensive colloquy that adequately apprised DeMathews of his rights. *United States v. Cochran*, 770 F.2d 850, 853 (9th Cir.1985); *United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir.1985).

■ **4.** Because DeMathews's mail fraud scheme continued at least until December 22, 1992—well after the effective date of the 1990 amendment to the Victim and Witness Protection Act—the restitution order with respect to the mail fraud

victims does not violate the Ex Post Facto Clause. *United States v. DeSalvo*, 41 F.3d 505, 512, 515 (9th Cir.1994).

■ Since "restitution may be ordered for losses to persons harmed in the course of the defendant's scheme even beyond the counts of conviction," *United States v. Rutgard*, 116 F.3d 1270, 1294 (9th Cir.1997), the district court did not err when it included the losses of other victims in the restitution order.

■ **5.** The September 1998 plea agreement on the bank fraud count explicitly includes a promise by DeMathews to "make full restitution for the actual losses caused by defendant's activities." It specifies that the amount of restitution "is not restricted to the amounts alleged in the count to which defendant is pleading guilty." Hence, the restitution order with respect to the bank fraud victims, which simply holds DeMathews to his end of the bargain, also does not violate the Ex Post Facto Clause. *See United States v. Jackson*, 189 F.3d 820, 823 n. 2 (9th Cir.1999).

**AFFIRMED.**

of this circuit except as provided by Ninth Circuit Rule 36–3.