UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 03-4778

JOHN ADAM MARTIN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-02-868)

Submitted: June 25, 2004

Decided: July 26, 2004

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

John Adam Martin appeals his robbery convictions and 121-month sentence following a jury trial. On appeal, Martin's lawyer filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), contending that the court improperly denied his motion for acquittal and overruled his speedy trial objections, but concluding that there were no meritorious issues for appeal. Martin has filed a pro se supplemental brief raising several other claims. After reviewing the entire record, we affirm.

I.

We review the district court's decision to deny a motion for judgment of acquittal de novo. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942).

The bank and credit union at issue were robbed by a tall, black male. Martin is a tall, black male. In addition, Martin's fingerprints were found on both demand notes used during the robberies. Finally, Martin, who was unemployed, was in possession of nearly $8000 in cash in the weeks immediately following the robberies. Viewing this evidence in the light most favorable to the Government, there was substantial evidence to support the jury's guilty verdicts.

II.

Martin challenges his conviction on speedy trial grounds, asserting that the delay prior to his arraignment violated the Speedy Trial Act ("STA") and his Sixth Amendment right to a speedy trial. The STA, 18 U.S.C. § 3161 (2000), requires that the trial of a defendant must commence within seventy days from the filing date of the indictment or from the date he appears before a judicial officer, whichever date is later. 18 U.S.C. § 3161(c)(1). The STA excludes from the time in

which a trial must commence periods of delay as a result of "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F).

Martin was indicted in August 2002, arraigned in February 2003, and tried in June 2003. Thus, his STA time period began running in February 2003, the date he appeared for his arraignment and entered his plea. The entire time between March 20, 2003, and the beginning of Martin's trial was excludable, due to Martin's motions for continuances in order to review discovery. Therefore, subtracting any excludable time, Martin was tried well within the seventy days required by the STA.

In determining whether a pretrial delay violated a defendant's Sixth Amendment right, a court must balance four considerations: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Supreme Court has explained that the first factor actually involves two inquiries. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). The first question is whether the delay is sufficient to trigger a speedy trial inquiry. The Court has answered this question affirmatively where the delay approaches one year. *Id.* at 651-52 & n.1. Second, courts must consider, together with other relevant factors, "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* at 652.

Here, the delay between Martin's indictment and his arraignment was nearly six months, and the delay between his arraignment and his trial was four months. Under the reasoning in *Doggett*, even the combined delay of ten months was not sufficient to trigger examination of the remaining *Barker* factors, especially considering that any delay between the arraignment and trial was due to Martin's own motions. Thus, Martin's constitutional right to a speedy trial was not violated.

III.

Martin next contends that the district court's bias deprived him of a fair trial. Martin specifies two isolated comments that he asserts

illustrate the court's bias. However, even if the statements demon-strate the court's bias against Martin, bias is not the touchstone for a determination of whether a judge should recuse himself; instead, the issue is whether a reasonable person might question the judge's impartiality. *See In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). xx=

Here, both comments were made out of the hearing of the jury and, thus, could not have influenced their deliberations. Moreover, Martin does not provide any example of actions by the judge during the trial that were improper. Because the judge's alleged bias, even if assumed, did not effect his conduct at trial and was not communicated to the jury, Martin is not entitled to relief.

### IV.

Martin contends that the district court gave an improper and preju-dicial charge pursuant to *Allen v. United States*, 164 U.S. 492 (1896), after the jury repeatedly informed the court that it was deadlocked and could not reach a verdict. He argues that the jury was forced to render a verdict, as the court would not let them return home until they had. Because Martin did not object below, the court's decision to give an *Allen* charge and the content of the charge is reviewed for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

For an *Allen* charge to be proper, it must not coerce the jury, and it must be fair, neutral and balanced. *United States v. Cropp*, 127 F.3d 354, 359-60 (4th Cir. 1997). The most egregious mistake that can be made in the context of an *Allen* charge is for a district court to sug-gest, in any way, that jurors surrender their conscientious convictions. *Id.* at 360. In determining whether an *Allen* charge has an impermiss-ibly coercive effect on jury deliberations, the reviewing court should consider the content of the instructions, as well as the context. *Jenkins v. United States*, 380 U.S. 445, 446 (1965); *United States v. Webb*, 816 F.2d 1263, 1266 (8th Cir. 1987) (directing courts to look to con-tent, length of deliberations following instructions, total time of delib-erations, and indicia of coercion).

Here, although the charge emphasized the importance of reaching a verdict, the jury was repeatedly encouraged not to abandon strongly-held opinions. Both the majority and the minority were

requested to reconsider the case. We find that the district court's instruction was "fair, neutral, and balanced." *See Carter v. Burch*, 34 F.3d 257, 264 (4th Cir. 1994). Thus, there was no plain error.

## V.

Martin next argues that the district court erred by imposing a drug and alcohol treatment condition on his supervised release. Martin alleges that this condition is burdensome and inappropriate because there were no drugs or alcohol involved in the case and he had no history of drug or alcohol use. Because Martin did not object below, we review the district court's decision to impose the conditions for plain error.

*U.S. Sentencing Guidelines Manual* § 5D1.3(d)(4) (2002) authorizes mandatory participation in a substance abuse treatment program if "the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." While no drugs or alcohol were involved in the offense of conviction, Martin's presentence report ("PSR") stated that Martin "began experimenting with alcohol and drugs during his teenage years which followed into his adulthood." Martin admitted drinking beer occasionally and smoking marijuana two years prior, but denied ever using any other types of illegal substances. Martin did not object to either the description of his substance use or the implementation of the condition. Thus, based on the PSR, which described long-term use of both "drugs" and alcohol and Martin's admission that he used marijuana, the district court could have reasonably concluded that requiring Martin to undergo treatment "would be beneficial both to [Martin] and to society." *United States v. Carter*, 159 F.3d 397, 399 (9th Cir. 1998).

## VI.

Martin's contentions that his attorney was ineffective are not appropriately raised on direct appeal. An allegation of ineffective assistance of counsel should not proceed on direct appeal unless it appears conclusively from the record that counsel's performance was ineffective. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Because it is not clear that counsel was ineffective, this claim should be raised in a 28 U.S.C. § 2255 (2000) motion.

## VII.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Martin's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on Martin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*