**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Charles MCALISTER,
Defendant–Appellant.**

**No. 05–50793.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2006.*

Decided June 8, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable

U.S. Attorney Office, San Diego, CA, for Plaintiff–Appellee.

Zaki Zehawi, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

### MEMORANDUM ***

David Charles McAlister pleaded guilty to importation of marijuana, 21 U.S.C. §§ 952 and 960, and was sentenced to eighteen months' imprisonment and three years' supervised release, subject to all standard and mandatory terms and conditions. McAlister argues on appeal that he lacked sufficient notice that drug testing would be a mandatory condition of his supervised release and that the condition was factually unjustified. Since McAlister did not raise these objections before the district court, we review them for plain error. *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

■ McAlister possessed sufficient notice that he would be subject to drug testing. McAlister's drug testing condition is mandated by statute. 18 U.S.C. § 3583(d).

---

for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The presentence report expressly recommended that the district court not waive the required condition. The court adopted this recommendation at the sentencing hearing, holding that "all standard and mandatory terms and provisions [of supervised release] will apply." Finally, McAlister demonstrated awareness of the mandatory supervised release conditions through his presentence objection to the DNA testing condition, imposed under § 3583(d), the same statute requiring the challenged drug testing condition.

■ The district court also possessed a sufficient factual basis for the drug testing condition. The Ninth Circuit has upheld such mandatory conditions even when the prosecution presents no evidence of the defendant's drug use and the defendant's conviction is not drug-related. *United States v. Jackson,* 189 F.3d 820, 825 (9th Cir.1999); *United States v. Carter,* 159 F.3d 397, 400 (9th Cir.1998). Here, McAlister was charged with a drug-related offense, upon which the presentence report based its recommendation for drug testing. Moreover, McAlister presented no evidence at sentencing that he posed a low risk for future substance abuse.

AFFIRMED.