UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael D. PIRELLO, Defendant–
Appellant.

Nos. 05–30595, 05–30598.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 2006.[1]

Filed Dec. 7, 2006.

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

588

Joseph H. Harrington, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

John C. Perry, Esq., Spokane, WA, for Defendant–Appellant.

Before: KOZINSKI and FERNANDEZ Circuit Judges, and WINMILL, District Judge.[2]

MEMORANDUM [3]

Michael Pirello appeals his consecutive sentences of 37 months for a firearms violation and 24 months for violation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

▮ Pirello argues that his prior criminal history must be proven beyond a reasonable doubt. This argument is foreclosed by *United States v. Weiland,* 420 F.3d

---

**2.** The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1062, 1079 (9th Cir.2005) (reaffirming that "a district court may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt"), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006).

Pirello also contends that the district court improperly relied on the presentence report's recitation of his involvement in child pornography. That recitation was based on Pirello's admissions, which he did not challenge. Indeed, he had no objection to anything in the report beyond a minor matter involving the ownership of the computer he admittedly used to download child pornography. The district court may rely on undisputed statements in the presentence report at sentencing. *United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc). While the sentencing court cannot rely on hearsay that lacks "some minimal indicia of reliability," *United States v. Littlesun,* 444 F.3d 1196, 1199 (9th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 248, 166 L.Ed.2d 149 (2006), Pirello identifies no unreliable hearsay that was used in his case and it is difficult to see how his own statements could be regarded as such.

Pirello also argues that the district court, in imposing sentence, ignored mitigating evidence of entrapment. At the sentencing hearing, the district court reviewed in detail Pirello's extensive criminal record, including three prior convictions for being a felon in possession of a firearm. Thus, there was substantial justification for the district court's decision not to reduce the sentence on entrapment grounds.

Pirello also contends that the district court imposed unnecessarily restrictive conditions on his term of supervised release, especially by limiting his use of the internet and access to children. We review these conditions for abuse of discretion. Pirello admitted to downloading child pornography and planning to, among other things, abduct children from a daycare center and "dig graves." In the face of such admissions, it is clear that the district court did not abuse its discretion by imposing these conditions of supervised release. *United States v. Carter,* 159 F.3d 397, 399 (9th Cir.1998).

Finally, Pirello argues that the district court erred in running his sentence for the violation of supervised release consecutive to his firearm sentence. Our review of the sentencing hearing transcript convinces us that the district court properly considered the factors under 18 U.S.C. § 3553(a), and we can find no abuse of discretion. *See United States v. Kim,* 196 F.3d 1079, 1084 (9th Cir.1999).

AFFIRMED.

