**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leon Wilson BROWN, Defendant–**
**Appellant.**

**No. 05–50463.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed March 1, 2007.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Becky S. Walker, Esq., Mark Aveis, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Angel Navarro, Esq., Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

---

Before: REINHARDT and BYBEE, Circuit Judges, and BURNS \*, District Judge.

## MEMORANDUM \*\*

Leon Wilson Brown challenges several special conditions of supervised release imposed as part of his sentence following his guilty plea to possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm in part and vacate in part and remand.

Because Brown did not object to the special release conditions in the district court, we review for plain error. *United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772 (9th Cir.2006). Under this standard, there must be (1) error; (2) that is plain; and (3) that affects Brown's substantial rights. *United States v. Maciel–Vasquez*, 458 F.3d 994, 996 n. 3 (9th Cir. 2006). If these conditions are met, we may correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

■ Brown argues the district court committed plain error when it imposed a supervised release condition that barred alcohol use. However, as the alcohol condition reasonably relates to Brown's drug conviction and history of alcohol-related incidents and drug use; protects the public from further crimes; and contributes to rehabilitation, no plain error occurred. *United States v. Carter*, 159 F.3d 397, 401 (9th Cir.1998).

---

\* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Brown also maintains the district court committed plain error by improperly delegating to the probation officer the authority to determine (1) the maximum number of drug and alcohol tests and (2) whether Brown should pay the cost of drug and psychiatric treatment. These claims are foreclosed by our decisions in *Maciel–Vasquez,* 458 F.3d at 996, and *United States v. Dupas,* 419 F.3d 916, 924 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1484, 164 L.Ed.2d 261 (2006).

■ Finally, Brown argues the district court committed plain error by imposing an overbroad and vague supervised release condition requiring that Brown "not wear, display, use or possess any insignia, emblem, button, badge, cap, hat, scarf, bandana, jewelry, paraphernalia, or any article of clothing which may connote affiliation with, or membership in the Rollin 30's Piru Blood, Bloodstone Piru, or Bloods gang."

A district court has broad discretion under 18 U.S.C. § 3583 to set supervised release conditions, and may restrict fundamental or First Amendment rights if the conditions reasonably relate to the § 3553(a) statutory factors, including the nature of the crime, deterring criminal conduct, aiding the defendant's rehabilitation, or protecting the public. *United States v. Ross,* 476 F.3d 719, 720–22 (9th Cir.2007); *United States v. Weber,* 451 F.3d 552, 557–58 (9th Cir.2006); *United States v. Bee,* 162 F.3d 1232, 1234–36 (9th Cir.1998). In particular, a district court may impose special conditions of supervised release like the ones in this case that are designed to prevent a defendant's reversion into a former crime-inducing lifestyle or bar affiliation with former associates. *United States v. Bolinger,* 940 F.2d

478, 480 (9th Cir.1991) (citing *Malone v. United States,* 502 F.2d 554, 556–57 (9th Cir.1974)). At the same time, due process prohibits setting a condition that is "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Hugs,* 384 F.3d 762, 768 (9th Cir.2004), *cert. denied,* 544 U.S. 933, 125 S.Ct. 1680, 161 L.Ed.2d 500 (2005).

Here, the district court prohibited Brown from wearing clothing or displaying articles that "may connote affiliation with, or membership in" certain street gangs. The problem with the restriction imposed by the district court is the phrase "may connote" is vague and open to interpretation depending on who the observer is. For example, baseball caps, gloves and bandanas as well as clothing bearing college logos may be deemed gang attire by high schools around the country. Paul D. Murphy, *Restricting Gang Clothing in Public Schools; Does a Dress Code Violate a Student's Right of Free Expression?,* 64 S.Cal.L.Rev. 1321, 1328 (July 1991). However, we think the restrictive condition covering what clothing Brown may not wear sweeps too broadly and indiscriminately. Specifically, the phrase "may connote" fails to adequately define or provide notice of precisely what apparel Brown should refrain from wearing.

Despite Brown's failure to object to the condition when it was announced, we hold it was plain error for the district court to impose such a vague condition implicating First Amendment freedoms. Accordingly, we vacate this portion of Brown's sentence and remand.[1]

---

1. On remand, the district court remains free to impose a supervised release condition restricting Brown from wearing gang attire or displaying gang paraphernalia, provided the restriction is narrowly drawn and violations may be determined under a reasonably definite standard.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.