**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Keith Wayne THOMPSON,**
**Defendant—Appellant.**

**No. 07–50261.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2008.*

Filed June 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Michael J. Raphael, Esq., Mark C. Krause, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jerald L. Brainin, Esq., Los Angeles, CA, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: TROTT, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Keith Wayne Thompson appeals the district court's sentence for his guilty plea to fraudulent use of access devices in violation of 18 U.S.C. § 1029(a)(5). We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

■ 1. Thompson argues that the district court vindictively refused to follow its prior one-point reduction of his criminal history points. Because the district court imposed an identical 74–month sentence on remand, a presumption of vindictiveness does not arise under *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *See United States v. Todd*, 964 F.2d 925, 932 (9th Cir.1992) (per curiam). As Thompson does not otherwise provide evidence of actual vindictiveness, there is no basis on which to conclude that the district court acted improperly in finding Thompson fell in Criminal History Category VI.

■ 2. On remand from this Court, the district court followed proper procedure in determining Thompson's sentence. The court calculated the applicable Guidelines range, then considered the factors in 18 U.S.C. § 3553(a) in determining an appropriate sentence and provided an explanation for why the chosen sentence fell above that suggested by the Guidelines. *See United States v. Carty*, 520 F.3d 984, 993–94 (9th Cir.2008) (en banc); *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir.2006).

ed by 9th Cir. R. 36–3.

3. Reviewing the sentence imposed by the district court "in light of all the 18 U.S.C. § 3553(a) factors," *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006), as well as "the degree of variance for a sentence imposed outside the Guidelines range," *Carty,* 520 F.3d at 993, we conclude that the sentence imposed by the district court was not unreasonable. The district court carefully considered Thompson's criminal history, the deterrent effect of prior sentences and the harm caused by his current offense, expressly discussing how these factors contributed to its determination that an above-Guidelines sentence was warranted under § 3553(a). Given Thompson's criminal history and the likelihood of recidivism, the sentence imposed was not unreasonable.

4. The district court did not err in imposing drug testing as a mandatory condition of supervised release pursuant to 18 U.S.C. § 3583(d), even if it believed that Thompson presented a low risk for substance abuse. We have upheld the imposition of drug testing even where there was no evidence of past substance abuse. *See United States v. Jeremiah,* 493 F.3d 1042, 1047 (9th Cir.2007); *United States v. Jackson,* 189 F.3d 820, 825 (9th Cir.1999); *United States v. Carter,* 159 F.3d 397, 400 (9th Cir.1998).

5. The district court did not err in imposing a requirement of payment of back taxes as a condition of supervised release. Thompson provides no authority that the district court's order to pay back taxes was improper. Moreover, the requirement that Thompson "truthfully and timely" file and pay his taxes does not obligate Thompson to pay taxes he would not otherwise owe.

**AFFIRMED.**