**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50535 |
| Plaintiff - Appellee, | D.C. No. 5:07-cr-00118-SGL |
| v. | |
| CESAR DORADO-AVILA, a.k.a. Cesar Avila, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Cesar Dorado-Avila appeals from the 60-month sentence imposed following

his guilty-plea conviction for being an illegal alien found in the United States

following deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Dorado-Avila contends the district court plainly erred by imposing conditions of supervised release concerning drugs and alcohol. It was not plain error for the district court to impose a mandatory condition of supervised release requiring Dorado-Avila to refrain from unlawful use of a controlled substance and submit to drug testing, *see* 18 U.S.C. § 3563(a)(5); *United States v. Carter*, 159 F.3d 397, 399-400 (9th Cir. 1998), or to impose a standard discretionary condition requiring Dorado-Avila to refrain from excessive use of alcohol or the use, possession, distribution or administration of controlled substances without a prescription, *see* 18 U.S.C. § 3563(b)(7). Any error regarding these conditions "did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings." *See United States v. Maciel-Vasquez*, 458 F.3d 994, 996 (9th Cir. 2006).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to section 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**