**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30333 |
| Plaintiff - Appellee, | Dist. Ct. No. 3:10-cr-05733-BHS-1 |
| v. | |
| MARK FAASUAMALIE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington at Tacoma
Benjamin H. Settle, District Judge, Presiding

Submitted August 29, 2013**
Seattle, Washington

Before: MCKEOWN and CLIFTON, Circuit Judges, and RAKOFF, Senior District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Defendant-Appellant Mark Faasuamalie appeals the modification of his probation and the denial of his motion to dismiss a violation of supervised release or terminate probation. This Court reviews a district court's decision to revoke or modify probation for abuse of discretion. *United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir. 1991) (revocation reviewed for abuse of discretion); *see United States v. Johnson*, 892 F.2d 369, 371–72 (4th Cir. 1989) (modification reviewed for abuse of discretion). We affirm the District Court and deny the appeal.

The District Court did not abuse its discretion in modifying the condition of release to include a drug-testing requirement. Mr. Faasuamalie appeals the imposition of this condition because, he argues, the modification was unrelated to public safety or rehabilitation. But the law contains no such requirement. Indeed, the drug-testing requirement is a presumptively mandatory condition of release. "The court *shall* provide, as an explicit condition of a sentence of probation . . . one drug test within 15 days of release on probation and at least 2 periodic drug tests thereafter . . . ," but this condition "*may* be ameliorated or suspended by the court . . . if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse . . . ." 18 U.S.C. § 3563(a)(5) (emphases added).

Because suspension of the condition is permissive, a district court may properly impose the drug-testing requirement without any finding of its relation to abuse or public safety. *United States v. Jackson*, 189 F.3d 820, 825 (9th Cir. 1999) ("Neither the fact that there was no evidence before the district court that Jackson had abused drugs nor that his convictions were not drug related establishes that the court abused its discretion in imposing the condition."); *see also United States v. Carter*, 159 F.3d 397, 400 (9th Cir. 1998) (district court "is not obligated to" suspend condition). Additionally, the District Court's decision to impose the drug-testing requirement was prompted by Mr. Faasuamalie's admission of his consumption of marijuana. The District Court did not abuse its discretion in modifying the terms of probation by imposing the requirement.

Nor did the District Court abuse its discretion in denying Mr. Faasuamalie's motion to dismiss the violation or terminate probation. He argues two grounds for the motion: (1) a substantive due-process right to use medical marijuana, and (2) punishment of indigence. The first was squarely rejected by this Court in *Raich v. Gonzalez*, 500 F.3d 850 (9th Cir. 2007). Medical marijuana consumption does not meet the demanding burden for a substantive due-process right because it is not so fundamental as to be "implicit in the concept of ordered liberty." *Id.* at 866 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)). Mr. Faasuamalie

argues that a "new consensus" has emerged regarding the liberty interest of medical marijuana since *Raich*, but, of the eight states in the Ninth Circuit that have enacted medical marijuana legislation, seven did so before *Raich*. Mr. Faasuamalie's substantive due-process argument fails and the District Court did not abuse its discretion.

Finally, Mr. Faasuamalie urges that the violation of probation punished his indigence, in violation of *Bearden v. Georgia*, 461 U.S. 660 (1983). Unlike the releasee in *Bearden* whose probation was revoked for involuntary failure to pay restitution, Mr. Faasuamalie's violation was not for his involuntary indigence but for his voluntary consumption of marijuana. Further, *Bearden* protects only against revocation of probation, not modification of conditions that are not punitive. *See United States v. Jackson*, 189 F.3d at 824 (drug testing is not a punishment but a "means to further . . . rehabilitative goals of sentencing"). Accordingly, the district judge did not abuse his discretion when he denied the motion to dismiss the violation or terminate probation.

**AFFIRMED.**