**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA ANTONE BANGAWAN
FERNANDEZ, a.k.a. j_man89,

Defendant - Appellant.

No. 13-50231

D.C. No. 2:12-cr-00721-R

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Joshua Antone Bangawan Fernandez appeals from the district court's

judgment and challenges the 20-year term of supervised release and mandatory

drug-testing condition imposed following his guilty-plea conviction for distribution

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fernandez contends that the district court erred by failing to consider and address his mitigating arguments and, as a result, imposed a substantively unreasonable term of supervised release. The record shows that the district court did not procedurally err and the 20-year term is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Apodaca*, 641 F.3d 1077, 1082-84 (9th Cir. 2011).

Fernandez next contends that the district court erred in imposing the mandatory condition of drug testing as part of his supervised release. Because Fernandez did not object to this condition in the district court, we review for plain error, *see United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008), and find none. Drug testing is a mandatory condition of supervised release. *See* 18 U.S.C. § 3583(d). Although Fernandez does not have a history of drug use and drugs did not play a role in the offense, the district court properly imposed this condition because there is no evidence he has a low risk of future substance abuse. *See United States v. Jackson*, 189 F.3d 820, 825 (9th Cir. 1999).

**AFFIRMED.**

13-50231