**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

DAVID L. HARRIS,
    *Defendant-Appellant.*

No. 08-10370

D.C. No.
2:07-cr-00295-KJD-
GWF

OPINION

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 13, 2009*
San Francisco, California

Filed July 24, 2009

Before: Barry G. Silverman, Richard R. Clifton, and
Milan D. Smith, Jr., Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Jason F. Carr, Federal Public Defender's Office, Las Vegas, Nevada, for the defendant-appellant.

Peter S. Levitt, United States Attorney's Office, Las Vegas, Nevada, for the plaintiffs-appellees.

**OPINION**

PER CURIAM:

David L. Harris appeals his sentence following his conviction for bank robbery in violation of 18 U.S.C. § 2113(a). We review de novo the district court's determination that Harris qualified as a career offender under U.S.S.G. § 4B1.1. *United States v. Crawford*, 520 F.3d 1072, 1077 (9th Cir. 2008). We affirm.

**[1]** Harris's Nevada convictions for robbery and attempted robbery categorically qualify as crimes of violence under U.S.S.G. § 4B1.2. Like the California statute we analyzed in *United States v. Becerril-Lopez*, 541 F.3d 881, 892 (9th Cir. 2008), any conduct under Nev. Rev. Stat. § 200.380 that did not satisfy the generic definition of robbery, such as threats to property, would satisfy the generic definition of extortion. Harris's attempts to distinguish *Becerril-Lopez* based on Nevada's interpretation of the "fear of injury" requirement are inapposite: the California statute addressed in *Becerril-Lopez* also permitted a conviction based on "fear of an unlawful injury." 541 F.3d at 890-91. The Nevada statute's statement that "[t]he degree of force used is immaterial if it is used to compel acquiescence to the taking of or escaping with the property" also does not distinguish it from the California statute analyzed in *Becerril-Lopez*. *See, e.g.*, *People v. Garcia*, 45 Cal. App. 4th 1242, 1246 (Ct. App. 1996) ("[F]or purposes of the crime of robbery, the degree of force is immaterial"), *overruled on other grounds by People v. Mosby*, 92 P.3d 841, 847 n.2 (Cal. 2004). Thus, like the California robbery statute analyzed in *Becerril-Lopez*, a conviction under Nev. Rev. Stat. § 200.380 categorically qualifies as a crime of violence for purposes of the career offender sentencing enhancement.

AFFIRMED.