FILED

OCT 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10342 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-01696-RM |
| v. | |
| FRANK CORDOVA-GONZALEZ, a.k.a. Frank Cordova, a.k.a. Frank Efraim Cordova, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted September 27, 2016[**]

Before:  TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Frank Cordova-Gonzalez appeals from the district court's judgment and

challenges the 18-month sentence imposed following his guilty-plea conviction for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cordova-Gonzalez argues that the district court erred in imposing a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his 2006 Nevada state court conviction for robbery pursuant to Nev. Rev. Stat. § 200.380. We review de novo the district court's determination that a defendant's prior state court conviction qualifies as a crime of violence for purposes of U.S.S.G. § 2L1.2. *See United States v. Becerril-Lopez*, 541 F.3d 881, 889 (9th Cir. 2008). Contrary to his contention, Cordova-Gonzalez's argument is foreclosed by our decision in *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) ("[A] conviction under Nev. Rev. Stat. § 200.380 categorically qualifies as a crime of violence.").

Furthermore, we note that the district court concluded that the 16-level enhancement required under U.S.S.G. § 2L1.2(b)(1)(A) overstated Cordova-Gonzalez's criminal history, and accordingly varied downward from a guidelines range of 41-51 months to impose an 18-month sentence.

**AFFIRMED.**

15-10342