NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 07 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 15-50463 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:10-cr-00397-DMG-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| TONY BIDDLES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted July 13, 2017
Pasadena, California

Before: REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.

Tony Biddles appeals his sentence for violating his terms of supervised release by committing kidnapping[1] and robbery[2] in the State of California. We affirm in part and vacate and remand in part.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]Cal. Penal Code § 207(a).

[2]*Id.* § 211 (hereafter § 211).

(1)     The district court determined that Biddles' § 211 conviction was a crime of violence and was therefore a Grade A violation under the United States Sentencing Commission's policy statement for supervised release violations,[1] and the Commentary thereto.[2]  We agree.

Biddles first asserts that § 211 is not a crime of violence because a violation of that section is not categorically a crime of violence as defined in USSG §4B1.2(a) and its Commentary.  However, we have already specifically determined that a violation of § 211 is categorically[3] a crime of violence because any conviction under that section is either generic robbery or generic extortion.[4]

Biddles attempts to avoid the force of our existing case law in a number of ways, none of which is persuasive: (a) he first suggests that we should now ignore

---

[1]USSG §7B1.1(a)(1)(A)(i), p.s.  Unless otherwise indicated, all references are to the November 1, 2014, version of the Guidelines.

[2]*Id.* at comment. (n.2).  That application note refers to USSG §4B1.2(a) and the Commentary thereto.  *Id.*

[3]*See Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160, 109 L. Ed. 2d 607 (1990); *see also Descamps v. United States*, __ U.S. __, __, 133 S. Ct. 2276, 2283–85, 186 L. Ed. 2d 438 (2013).

[4]*See United States v. Becerril-Lopez*, 541 F.3d 881, 890–93 (9th Cir. 2008); *see also United States v. Chavez-Cuevas*, 862 F. 3d 729, 740 (9th Cir. 2017)*; United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) (per curiam).

the Commentary,[5] but there is no inconsistency between the Commentary and the Guideline itself;[6] (b) he then argues that § 211 is not categorically a crime of robbery[7] or categorically a crime of extortion,[8] but that matters not because it does not speak to the underlying basis of our decisions, which declared that it was categorically one or the other;[9] (c) he goes on to argue that our case law misapplied the modified categorical test approach,[10] but it did no such thing because it applied the categorical test only;[11] and (d) as a final argument he asserts that a later amendment to the Guideline,[12] which narrowed the definition of extortion, should

---

[5]USSG §4B1.2, comment. (n.1).

[6]*See Stinson v. United States*, 508 U.S. 36, 38, 45, 113 S. Ct. 1913, 1915, 1919, 123 L. Ed. 2d 598 (1993); *United States v. Bernardo*, 818 F.3d 983, 985 (9th Cir. 2016). We note also that the Guideline and its Commentary are not subject to vagueness challenges under the Due Process Clause. *See Beckles v. United States*, __ U.S. __, __, 137 S. Ct. 886, 890, 197 L. Ed. 2d 145 (2017).

[7]*See Becerril-Lopez*, 541 F.3d at 891.

[8]*See United States v. Dixon*, 805 F.3d 1193, 1196–97 (9th Cir. 2015).

[9]We have decided that it necessarily was either robbery or extortion, and *Dixon*, *id.* at 1196–97, does not speak to that point.

[10]*See Descamps*, __ U.S. at __, 133 S. Ct. at 2283–85.

[11]*See Becerril-Lopez*, 541 F.3d at 893 n.10.

[12]*See* USSG Supp. App. C, amend. 798, at 131 (Nov. 1, 2016); USSG §4B1.2, comment. (n.1) (2016).

be applied retroactively because it was merely clarifying,[13] but the amendment was substantive in character. The Guideline Commission did not dub it retroactive, did not say it was a clarification, and did not resolve a circuit conflict,[14] but simply chose to focus on a subset of extortioners by narrowing the long-standing definition of extortion[15] for Guideline purposes.

(2)    Biddles next argues that the district court procedurally erred[16] because it did not sufficiently explain[17] its decision to depart downward from the sentencing range for Grade A level violations—twenty-four to thirty months[18]—to a fifteen-month sentence. If his crime were not a crime of violence, he would have been in the Grade B category and his sentencing range would have been four to ten

---

[13]*See United States v. Johns*, 5 F.3d 1267, 1269–70 (9th Cir. 1993).

[14]*See United States v. Morgan*, 376 F.3d 1002, 1010–11 (9th Cir. 2004).

[15]*See Becerril-Lopez*, 541 F.3d at 891–92; *see also Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409–10, 123 S. Ct. 1057, 1068, 154 L. Ed. 2d 991 (2003); *United States v. Nardello*, 393 U.S. 286, 295–96, 89 S. Ct. 534, 539, 21 L. Ed. 2d 487 (1969).

[16]*See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *see also United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010).

[17]*See Carty*, 520 F.3d at 993.

[18]USSG §7B1.4(a), p.s. (Grade A(2)).

months.[19]  Despite the fact that the district court did vary downward, Biddles asserts that it should have explained why it did not vary still further downward, a kind of substantive reasonableness argument.  *See United States v. Lloyd*, 807 F.3d 1128, 1145–46 (9th Cir. 2015).  We disagree.  The district court carefully explained its reason for the sentence it imposed.  The district court's explanation was sufficient "to permit meaningful appellate review."  *Carty*, 520 F.3d at 992.  The court stated that Biddles' characteristics, including his disrespect of the law, his inability to adhere to the terms of his supervised release, the need to deter him from further criminal conduct, and the need to protect the public from further depredations were the reasons that the fifteen-month sentence was necessary.  The district court did not err.

(3)  Biddles finally objects to the drug testing and treatment conditions in the new supervised release sentence which is to follow his term of imprisonment.  But drug testing is an essentially mandatory term of supervised release.  *See* 18 U.S.C. § 3583(d); *see also United States v. Carter*, 159 F.3d 397, 399 (9th Cir. 1998).  Of course, the district court had the discretion to suspend the condition, if it

---

[19]*Id.* (Grade B).

saw "a low risk of future substance abuse,"[20] but given Biddles' past history and his relatively rapid relapse into criminal activity, we see no error in the district court's declining to do so here.

However, while there is some basis for ordering Biddles' participation in a drug treatment program,[21] there is no evidence that he had actually been using drugs during the past seventeen or eighteen years,[22] and the government has waived that issue by failing to address it in its briefing before us.[23]  We, therefore, vacate that condition of supervised release and remand with instructions that the condition be stricken from the judgment.

AFFIRMED in part, and VACATED and REMANDED in part.

---

[20]18 U.S.C. §§ 3563(a)(5), 3583(d); *see also United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007).

[21]*Cf. Carter*, 159 F.3d at 401.

[22]*Cf. United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003).

[23]*See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc).

<u>United States v. Biddles</u>, No. 15-50463

REINHARDT, Circuit Judge, dubitante in part and concurring in part:

I have serious doubts as to the validity of the Commission's inclusion of robbery in the definition of crime of violence by means of the Commentary when the only possible basis for its doing so appears to have been its reliance on a clause in the Guideline that it itself has now removed, apparently because it cannot properly serve as the basis for such an interpretation.

This case asks us to decide, for the first time, whether the inclusion of robbery in the Commentary is binding.[1] Commentary is binding only if it interprets or explains the text of the relevant Guideline. *United States v. Stinson*, 508 U.S. 36 (1993). I believe a strong argument can be made that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Commentary cannot be treated as an interpretation of the residual clause in the Guideline, an argument that does not depend on the Due Process Clause and is therefore unaffected by *Beckles v. United States*, 137 S. Ct. 886 (2017). Since there is no other language in the text of the Guideline that the Commentary could be interpreting, this would mean that Cal.

---

[1] We have previously treated it as though it was binding, *see United States v. Harris*, 572 F.3d 1065 (9th Cir. 2009) (per curiam), but the question has never actually been presented to us.

Penal Code § 211 is overbroad and not a crime of violence under the Guideline.

Accordingly, while I concur in all other respects in the memorandum disposition, I am in doubt as to the correctness of Section (1).