REINHARDT, Circuit Judge,
dubitante in part and concurring in part:
I have serious doubts as to the validity of the Commission’s inclusion of robbery in the definition of crime of violence by means of the Commentaiy when the only possible basis for its doing so appears to have been its reliance on a clause in the Guideline that it itself has now removed, apparently because it cannot properly serve as the basis for such an interpretation.
This case asks us to decide, for the first time, whether the inclusion of robbery in the Commentary is binding.[1] Commentary is binding only if it interprets or explains *465 the text of the relevant Guideline. Stinson v. United States, 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). I believe a strong argument can be made that under Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Commentary cannot be treated as an interpretation of the residual clause in the Guideline, an argument that does not depend on the Due Process Clause and is therefore unaffected by Beckles v. United States, — U.S. -, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). Since there is no other language in the text of the Guideline that the Commentary could be interpreting, this would mean that Cal. Penal Code § 211 is overbroad and not a crime of violence under the Guideline.
Accordingly, while I concur in all other respects in the memorandum disposition, I am in doubt as to the correctness of Section (1).

. We have previously treated it as though it was binding, see United States v. Harris, 572 F.3d 1065 (9th Cir. 2009) (per curiam), but the question has never actually been presented to us.