**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10365 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00334-APG-GWF |
| v. | |
| TRACEY L. BROWN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 16, 2018[**]
San Francisco, California

Before: McKEOWN, FUENTES,[***] and BEA, Circuit Judges.

Defendant Tracey Brown appeals his jury conviction and sentence for Hobbs

Act robbery in violation of 18 U.S.C. § 1951, brandishing a firearm during a crime

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## 1. Sufficiency of the Evidence

Brown argues that the government failed to present sufficient evidence that the robbery affected interstate commerce. We review *de novo* challenges to the sufficiency of the evidence supporting a conviction. *United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010). We construe the evidence "in the light most favorable to the prosecution" and consider whether it is "sufficient to allow any rational juror to conclude that the government has carried its burden of proof." *United States v. Nevils*, 598 F.3d 1158, 1169 (9th Cir. 2010).

"[T]he government need only show a de minimis effect on interstate commerce to fulfill the jurisdictional element of the Hobbs Act." *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004). Here, items for sale in the store, including the cigarettes that Brown stole, were shipped from out of state. Moreover, as a result of the robbery, the store was closed and at least one customer was turned away. On this evidence, the jury rationally found that the robbery affected interstate commerce. *See United States v. Panaro*, 266 F.3d 939, 948

2

(9th Cir. 2001) ("[E]ven a slight impact on interstate commerce is sufficient to sustain a conviction . . . under the Hobbs Act.").

## 2. Pretrial and Trial Errors

In addition to his sufficiency of the evidence challenge, Brown alleges a variety of pretrial and trial errors.

First, Brown contends that the district court erred in accepting the verdict before answering the jury's request to distinguish "commerce" and "interstate commerce."   We review a district court's response to a juror inquiry for abuse of discretion.   *United States v. Verduzco*, 373 F.3d 1022, 1030 n.3 (9th Cir. 2004). Here, the jury withdrew its request before the district court could respond. Because the jury no longer "request[ed] clarification" when it gave its verdict, the district court did not abuse its discretion.   *United States v. McIver*, 186 F.3d 1119, 1130 (9th Cir. 1999), *overruled on other grounds as recognized by United States v. Pineda-Moreno*, 688 F.3d 1087, 1091 (9th Cir. 2012).

Second, Brown asserts that the district court erred in denying his motion to suppress evidence obtained from a traffic stop and subsequent show-up in which the store clerk identified him.   We address each argument in turn.

We review *de novo* the denial of a motion to suppress. *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004). However, the underlying factual findings are reviewed for clear error. *Id.* Under the Fourth Amendment, law enforcement officials may conduct an investigatory stop of a vehicle only if they possess "reasonable suspicion." *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000) (citation and quotation marks omitted). After an evidentiary hearing, the magistrate judge found that the officer stopped the car carrying Brown because its headlights were off at night in violation of N.R.S. § 484D.100.1(a). In making this finding, which the district court adopted, the magistrate judge did not clearly err in crediting the officer's testimony over Brown's testimony. *See United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir. 1998) ("This court gives special deference to the district court's credibility determinations.").

We also review *de novo* the constitutionality of pretrial identification procedures. *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985). "If under the totality of the circumstances the identification is sufficiently reliable, identification testimony may properly be allowed into evidence even if the identification was made pursuant to an unnecessarily suggestive procedure." *Id.* Here, the store clerk accurately described Brown in a written statement after the

4

robbery and confidently identified him shortly thereafter. Accordingly, even if the show-up was impermissibly suggestive, the totality of the circumstances indicates that the identification was still sufficiently reliable.

Third, Brown argues that the district court erred in denying a mistrial based on his co-defendant's testimony that referenced "prior incidents." We review the denial of a motion for a mistrial for an abuse of discretion. *United States v. English*, 92 F.3d 909, 912 (9th Cir. 1996). Brown claims that this statement was impermissible character evidence that he committed other robberies. However, this argument fails because the district court gave a timely curative instruction and the government's case was strong.[1] *See United States v. Randall*, 162 F.3d 557, 559 (9th Cir. 1998) ("Ordinarily, cautionary instructions or other prompt and effective actions by the trial court are sufficient to cure the effects of improper comments, because juries are presumed to follow such cautionary instructions.").

Fourth, Brown contends that the district court erred in denying his motion for discovery regarding a non-testifying officer's personnel file. However, such discovery is not required as to an who officer does not testify. *See United States*

---

[1] For these reasons, we also reject Brown's argument that the district court erred in replaying—at the jury's request—the audio recording of his co-defendant's entire trial testimony.

*v. Henthorn*, 931 F.2d 29, 31 n.2 (9th Cir. 1991) ("We need not reach the issue [of] whether the prosecution had an obligation to examine [a detective's] files, as the record shows that [the detective] did not testify at trial."). Brown has also not shown that the government violated its obligation to disclose exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963).

Fifth, Brown asserts that the district court erred in denying his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), as to the prosecution's claimed use of challenges to three African-American potential jurors. Whether a district court is obligated to apply the *Batson* analysis to a defendant's claim of purposeful discrimination is a question of law reviewed *de novo*. *See United States v. Alanis*, 335 F.3d 965, 967 n.1 (9th Cir. 2003). In *Batson v. Kentucky*, the Supreme Court prescribed a three-step test for assessing claims of discriminatory jury selection. *Batson*, 476 U.S. at 96. At the first step, the defendant must establish a "prima facie case of purposeful discrimination" by showing that "he is a member of a cognizable racial group" and "the prosecutor . . . exercised peremptory challenges to remove . . . members of the defendant's race." *Id.* Here, Brown failed to make out a "prima facie case of purposeful discrimination." As Brown admits, two of the African-American potential jurors were removed for cause, and the other was

6

not called to sit on the jury. No peremptory challenge was exercised as to the third potential juror. Thus, the *Batson* challenge was properly denied.

Sixth, Brown contends that the district court erred in not severing the felon in possession count. We review the denial of a motion for severance for an abuse of discretion. *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011). Here, the evidence was substantial, the parties stipulated to the prior felony, and the district court instructed the jury that it could only consider the stipulation in connection with the felon in possession count. As such, the district court did not abuse its discretion in denying Brown's motion to sever. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 845–46 (9th Cir. 1994) (noting that a defendant must show "clear, manifest, or undue prejudice" to justify reversal of the district court's failure to sever (citation and quotation marks omitted)).

Seventh, Brown maintains that the district court erred in denying his post-trial motion for grand jury transcripts. Under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, a court "may authorize disclosure" of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E). Brown failed to show that "a ground may exist to dismiss the

indictment," because "even if the grand jury might have been misled . . . the existence of probable cause [wa]s not in doubt" after Brown was convicted beyond a reasonable doubt. *United States v. Caruto*, 663 F.3d 394, 402 (9th Cir. 2011). Thus, the district court did not err in denying Brown's motion.

### 3. Sentencing Errors

Brown also raises several issues with respect to his sentence.

First, Brown argues that the district court erred in sentencing him as a career offender based on his prior Nevada robbery convictions.[2] We review *de novo* a district court's determination that a defendant qualifies as a career offender. *United States v. Crawford*, 520 F.3d 1072, 1077 (9th Cir. 2008). As the district court found, Nevada robbery "categorically qualifies as a crime of violence for purposes of the career offender sentencing enhancement." *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009). Accordingly, Brown's argument fails.[3]

---

[2] On August 1, 2016, an amended definition of "crime of violence" under U.S.S.G. § 4B1.2 took effect. However, since Brown's sentence was originally scheduled for July 2016, the district court sentenced him—on his request—under the pre-August 2016 version of the Sentencing Guidelines. Accordingly, all references herein are to the pre-August 2016 definition of "crime of violence."

[3] To the extent that Brown argues otherwise, the district court also did not err in finding that Hobbs Act robbery is a crime of violence to which the career

8

Second, Brown asserts that his 2005 Nevada robbery conviction should not have qualified as a prior crime of violence because it was obtained through a plea agreement under *North Carolina v. Alford*, 400 U.S. 25 (1970). However, the fact that the 2005 Nevada robbery conviction resulted from an *Alford* plea—which allows a defendant to plead guilty while asserting innocence—does not alter our analysis. *See United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006) ("The question under the sentencing guidelines is whether a defendant has 'a *conviction* for a . . . crime of violence,' not whether the defendant has admitted to being guilty of such a crime." (citation omitted and emphasis in original)). As such, the district court correctly found that Brown's 2005 Nevada robbery conviction was a valid predicate for career offender status.

Third, Brown contends that his 30-year prison sentence violates the Eighth Amendment. We review whether a sentence violates the Eighth Amendment *de novo*. *United States v. Shill*, 740 F.3d 1347, 1355 (9th Cir. 2014). "Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds." *United States v.*

---

offender guideline applies. *See United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (holding that conspiracy to commit Hobbs Act robbery is a "crime of violence" under 18 U.S.C. § 924(c)(3)(B)).

9

*Parker*, 241 F.3d 1114, 1117–18 (9th Cir. 2001). Here, Brown's sentence is not "grossly disproportionate" to his offense, taken together with his criminal history. *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998) (citation and quotation marks omitted). Therefore, Brown's Eighth Amendment claim fails.

Fourth, Brown maintains that he should be resentenced in light of the Supreme Court's recent decision in *Dean v. United States*, 137 S. Ct. 1170, 1176–77 (2017), which held that a court may consider the consecutive mandatory minimum required by § 924(c) in calculating a just sentence for the underlying predicate offense. However, in *Dean*, the district court explicitly stated that it believed it "was required to disregard [the defendant's] 30-year mandatory minimum when determining the appropriate sentences for [the defendant's] other counts of conviction." *Id.* at 1175. In contrast, here, the district court did not find—let alone suggest—that it could not consider the 7-year mandatory minimum sentence for the § 924(c)(1)(A)(ii) count in sentencing Brown on the other counts. Thus, Brown's claim under *Dean* is unavailing.

Finally, Brown argues that cumulative error warrants reversal. We reject this argument as well. *See United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th

Cir. 2007) ("[B]ecause we hold that there was no error committed by the district court, [the defendant's] theory of cumulative error necessarily fails.").

**AFFIRMED.**