**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10456 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00011-HDM-VPC-1 |
| v. | |
| DEVON CARL JORDAN-MCFEELY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted December 7, 2017
Submission Deferred December 8, 2017
Resubmitted June 25, 2021
San Francisco, California

Before: LUCERO,** RAWLINSON, and OWENS, Circuit Judges.

Devon Carl Jordan-McFeely (Jordan-McFeely) appeals his conviction and

sentence after pleading guilty to being a felon in possession of several firearms.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Jordan-McFeely challenges his conviction on the bases that the indictment did not allege that he possessed firearms while knowing that he was a convicted felon and that the district court did not advise him during the change of plea proceedings that the government was required to prove that he had knowledge of his felon status when he possessed the firearms, as required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Jordan-McFeely further asserts that the district court erred in applying sentence enhancements premised on his prior state convictions for possession of a controlled substance and robbery, and that the sentence imposed was substantively unreasonable.

1.      The indictment's omission of the *mens rea* that Jordan-McFeely possessed the firearms with knowledge that he was a convicted felon did not deprive the district court of jurisdiction to adjudicate his case. *See Rehaif*, 139 S. Ct. at 2196 (clarifying that the term "knowingly" as utilized in 18 U.S.C. § 924(a)(2) does not "modif[y] the statute's jurisdictional element"); *see also United States v. Arnt*, 474 F.3d 1159, 1162 (9th Cir. 2007) (articulating that "defects in an indictment do not deprive a court of its power to adjudicate a case") (citation omitted).

2.      Although the district court did not advise Jordan-McFeely that the government was required to prove that he had knowledge of his felon status when

he possessed the firearms, Jordan-McFeely failed to satisfy his "burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there [was] a reasonable probability that he would not have pled guilty." *Greer v. United States*, Nos. 19-8709, 20-444, – S. Ct. –, 2021 WL 2405146, at *4 (June 14, 2021) (citation and internal quotations omitted). Jordan-McFeely does not contend that he actually lacked knowledge of his felon status when he possessed the firearms. Rather, he admitted that he was a felon and that he was "not permitted to possess or have control of a firearm." *See id.* (explaining that "if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different").

3.      The district court correctly determined that Jordan-McFeely's prior conviction for possession of ecstasy in violation of Nevada Revised Statute (NRS) § 453.337 was a drug trafficking offense. *See United States v. Figueroa-Beltran*, 995 F.3d 724, 733-34 (9th Cir. 2021) (holding that, under NRS § 453.337, "possession of a specific controlled substance is an element of the crime," and reviewing record of conviction to determine type of substance possessed by the defendant). Because ecstasy is designated "as a Schedule I controlled substance under the [Controlled Substances Act]," *United States v. Forrester*, 616 F.3d 929,

935 (9th Cir. 2010), the district court properly included Jordan-McFeely's conviction in calculating Jordan-McFeely's sentence. *See Figueroa-Beltran*, 995 F.3d at 733-34.

**4.** The district court did not err in determining that Jordan-McFeely's robbery conviction in violation of NRS § 200.380 was a crime of violence under the 2015 Sentencing Guidelines.[1] *See United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) (per curiam) (holding that "Nevada convictions for robbery . . . categorically qualify as crimes of violence" because "any conduct under [NRS] § 200.380 that did not satisfy the generic definition of robbery, such as threats to property, would satisfy the generic definition of extortion"); *see also United States v. Edling*, 895 F.3d 1153, 1157 (9th Cir. 2018), *as amended* (distinguishing between the 2015 and 2016 Sentencing Guidelines).

Although Jordan-McFeely contends that resentencing is warranted under the 2016 Sentencing Guidelines due to the amended definition of extortion, he waived any reliance on the 2016 Guidelines by asserting in the district court his "right to be sentenced under the pre-August 1, 2016 guideline." *See United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) (explaining that "[a] party . . . waives a right when it is intentionally relinquished or abandoned") (citation omitted).

---

[1] The 2015 Sentencing Guidelines were utilized at sentencing.

Even under plain error review, the district court was not compelled to retroactively apply the 2016 amendment. *See United States v. Bankston*, 901 F.3d 1100, 1105 (9th Cir. 2018) (recognizing the continued validity of the pre-2016 definition of extortion as it relates to robbery).

**5.** Jordan-McFeely fails to demonstrate that the district court's within-Guidelines sentence was substantively unreasonable. *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (affording "significant deference to a district court's sentence under 18 U.S.C. § 3553"). The sentencing transcript reflects that the district court considered Jordan-McFeely's request for leniency, and tailored the sentence after considering the factors set forth in 18 U.S.C. § 3553(a).

Appellee's motion, Dkt. No. 55, is granted.

**AFFIRMED.**